UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA ORDAZ,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,[1] Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:17-cv-01141-BAM<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. No. 25) |

Pending before the Court is counsel for Plaintiff Olga Ordaz's ("Plaintiff") motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 25). The Commissioner of Social Security (the "Commissioner") has filed a response to the motion analyzing the fee request but taking no position as to its reasonableness. (Doc. No. 30). Having reviewed the motion and its supporting documentation, as well as the case file, the Court **GRANTS** the motion and awards attorneys' fees in the amount of $10,449.75.

**I.   Relevant Background**

Melissa Newel of Newel Law entered into a written contingent fee agreement with Plaintiff dated August 7, 2017, which provided, in relevant part:

> "If attorney is successful in vacating or remanding the adverse agency decision in whole or in part, Client agrees to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, including any dependents' benefits, subject to the approval of the Court. It is understood that this contingent fee is to be withheld from past-due benefits awarded by the Social Security Administration and paid directly to the attorney."

---

[1]   Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

1

(Doc. No. 25-1).

On August 23, 2017, Plaintiff filed this action seeking judicial review of the Commissioner's denial of benefits. (Doc. No. 1). After Plaintiff filed her Opening Brief, the parties stipulated to a voluntary remand of the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which the Court approved on January 10, 2018.  (Doc. Nos. 14, 19-20.) On October 16, 2018, the Court approved the parties' stipulation to award Plaintiff $1,928.95 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 23.) On remand, the Commissioner issued a decision to grant Plaintiff's application for benefits and, on March 17, 2020, issued a notice indicating that Plaintiff was entitled to receive $83,590.00 in retroactive benefits. (Doc. No. 25-3.)

In the present Motion, Plaintiff's counsel asks the Court to award attorneys' fees in the amount of $10,449.75. (Doc. No. 25.) Plaintiff's counsel contends this fee is reasonable in light of the services rendered and results achieved. (Doc. No. 25 at 3-5.) Additionally, the fee counsel seeks is twelve and a half percent (12.5%) of the past-due benefits payable to Plaintiff. (*Id.* at 4.) The Commissioner filed a statement in response to the Motion providing an analysis of the fee request but taking no position regarding its reasonableness. (Doc. No. 30.)

## II.   Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . ..

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, *supra*, 535 U.S. at 807.

## III.   Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases."

*Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of the motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. (Doc. No. 25-1.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 9.65 hours while representing Plaintiff before the District Court. (Doc. No. 25-2.) The requested fee amount represents approximately twelve and a half percent (12.5%) of past-due benefits and is within the applicable maximum. As a result of counsel's work, the matter was remanded for further proceedings and the Commissioner awarded Plaintiff benefits.

Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. No. 27.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, also declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel. (Doc. No. 26.)

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. § 406(b).

**IV. Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (Doc. No. 25) is GRANTED;

2. Plaintiff's counsel is awarded $10,449.75 in attorneys' fees pursuant to 42 U.S.C. § 406(b); and

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $1,928.95 for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:  **November 5, 2020**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE